UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA NYANDJA NYAMBI,<br><br>Plaintiff,<br><br>v.<br><br>HUMBOLDT COUNTY SHERRIFF'S DEPARTMENT,<br><br>Defendant. | Case No. 22-cv-05212-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Humboldt County Sherriff's Department. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by a lawyer must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he was severely beaten during the course of his arrest by two officers on the campus of Humboldt State University, now known as Humboldt Polytechnical University.  (ECF No. 1 at 2-3.)  He alleges that he was put into a truck where he was further beaten, he woke up in the hospital, and then he was denied medical care for his serious injuries before being taken to jail.  (*Id.* at 3, 5.)  He alleges that on five occasions at the jail he was beaten by officers while he was in handcuffs and complying with orders.  (*Id.* at 5.)  Plaintiff also alleges, in conclusory fashion, a wide variety of constitutional violations in his criminal proceedings, such as malicious prosecution, prosecutorial misconduct, falsified evidence, the improper use of federal databases, and an inadequate defense.  (*Id.*)  He further alleges that his family was threatened, though this allegation is unexplained.

The only Defendants Plaintiff names are the "Humboldt County Jail" and the "Humboldt County Sherriff's Office."  (ECF No. 1 at 1-2.)  Local governmental entities are subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional violation.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Such entities may not be held vicariously liable, however simply on the theory that they are responsible for their employees' actions.  *Id.* at 691.  To establish liability, a plaintiff must show: "(1) that he possessed a constitutional right of

which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation*." Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *see also City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The allegation that he was beaten on five occasions in the county jail, when liberally construed, is sufficient to state a cognizable claim against that the Sherriff's Department had an unconstitutional practice or policy of using excessive force.

It is not clear whether the Plaintiff is alleging that the officers who beat him during his arrest on campus were also Humboldt County Sherriff's Deputies or were employees of a different law enforcement agency. It is also unclear whether Plaintiff is alleging that he was denied medical care by Sherriff's Department personnel, i.e. at the jail, or by police officers or other officials employed by a different municipal entity. Finally, it is not clear who threatened his family, or how they were threatened. Consequently, Plaintiff has not stated a cognizable claim for relief against the named Defendants based upon either the use of force during his arrest, the denial of medical care, or threats. Plaintiff will be given leave to file an amended complaint in which he may name the individuals involved in these alleged violations as Defendants. He is reminded that if he wishes to also name as Defendants any municipality that employed such individuals, he must allege the municipality had a policy or practice that was the moving force behind the violation of his rights.

Plaintiff's claims of constitutional violations during his criminal prosecution must be brought in a petition for a writ of habeas corpus, not in a civil rights complaint. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus."). These claims will be dismissed without prejudice to bringing in a petition for a writ of habeas corpus.[1]

The Court has received a letter from Plaintiff inquiring about the status of the case, requesting a jury, repeating some the allegations in his complaint, and adding new allegations, including some regarding events that took place outside of this district. (ECF No. 8.) This order

---

[1] If Plaintiff needs a form habeas petition, he may mail a request for one to the Clerk of Court.

and the order granting leave to proceed in forma pauperis brings him up to date on the status of his case. To the extent Plaintiff wishes to allege additional facts related to his claims, or make additional related claims, he must do so in his amended complaint. Claims regarding events that took place outside of this district should be filed in the federal court for the district in which those events took place. The Court notes that this letter is far more legible than the complaint insofar as the handwriting is neater, there are margins, and it is on lined paper. If possible, Plaintiff should ensure that his amended complaint and any future filings are on lined paper, with margins, and written as neatly as possible.[2]

## CONCLUSION

1. The claims challenging the constitutionality of his prosecution on criminal charges are DISMISSED without prejudice to bringing in a petition for a writ of habeas corpus.

2. The complaint is DISMISSED WITH LEAVE TO AMEND as to certain claims, as described above. Plaintiff shall file an amended complaint on or before December 22, 2022. The amended complaint must include the caption and civil case number used in this order (No. C 22-5212 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims that the Court found cognizable in this order. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, all of the claims will be dismissed except for the cognizable claim for the use of excessive force against Plaintiff at the Humboldt County Jail, and service will be ordered upon Defendants.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is

---

[2] Plaintiff may use the Court's form civil rights complaint for his amended complaint; if there is not sufficient space on the form, he may attach additional pages.

filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge